The Full Commission finds as fact and concludes as matters of law the following which was entered into by the parties as:
STIPULATION
1. Prior to the hearing of this matter, a Pre-Trial Agreement was entered into and the parties agreed to certain jurisdictional and other factual stipulations which are incorporated by reference.
* * * * * * * * * * *
According to the Court of Appeals Opinion, the Full Commission finds as fact the following:
FINDINGS OF FACT
1. Plaintiff is a 34 year-old male with a tenth grade education whose only other prior work experience has involved operating heavy equipment for the S. T. Wooten Construction Company and doing farm work.
2. At the time of his injury, plaintiff had a seasonal job working on the blending line at defendant-employer's tobacco processing plant where he had also worked the two preceding tobacco seasons. He was primarily responsible for retying knots but also had to take 250 to 270 pound sheets of tobacco off the same line with the assistance of one other employee.
3. In the process of moving a large piece of sheet metal on October 22, 1990, plaintiff sustained a right-sided herniated disc at the L5-S1 level of his lumbosacral spine thereby giving rise to the admittedly compensable back injury.
4. Initially, plaintiff was treated at Urgent Care by Dr. Bowen and was subsequently referred to Dr. Michael Glover, a Wilson orthopedic surgeon. Both doctors attempted to provide a conservative course of treatment, but in February of 1991 Dr. Glover performed corrective surgery in the nature of a right-sided laminectomy and discectomy at the affected L5-S1 level.
5. Although plaintiff initially experienced some improvement following surgery, his condition subsequently worsened and he continued to experience persistent back and occasional leg pain despite Dr. Glover's many trials of conservative management over the next year.
6. In October of 1991, because of his persisting pain which was then totally incapacitating, Dr. Glover referred plaintiff to Dr. David Tomaszek. Plaintiff was first seen by Dr. Tomaszek on October 30, 1991 and for the next several months was treated conservatively with medication, braces, physical therapy which were not successful. Because of there was no improvement of plaintiff's recurrent disc herniation and associated progressive back and right leg pain which resulted from his October 22, 1990 back injury, Dr. Tomaszek performed a discectomy at the same involved L5-S1 level on June 22, 1992.
7. Both the surgeries provided by Drs. Glover and Tomaszek were reasonably necessary to tend to effect a cure, give relief and/or lessen the period of disability associated with plaintiff's October 22, 1990 back injury and did so temporarily until plaintiff was reinjured in an automobile accident on October 19, 1992.
8. On October 19, 1992, plaintiff was involved in an automobile accident and as a result sustained another recurrent herniated disc at the L5-S1 level of his spine, which has totally incapacitated him since. This injury is to the same level as the work related injury.
9. Although plaintiff did experience some occasional back and leg pain following the June 22, 1992 surgery, his condition continued to improve, plaintiff was expected to have been able to return by the end of the same month to light, sedentary and/or medium work where he was not required to lift over 50 pounds and was not required to engage in prolonged standing or driving of more than two hours at a time. The improvement in his condition following surgery is not only demonstrated by the results of Dr. Tomaszek's examinations, but by the fact that plaintiff had developed dense calluses over both hands by the time he was evaluated by Dr. Whitehurst on October 6, 1992 indicating he had been actively participating in some form of physical labor involving at least his hands. However, on October 19, 1992, plaintiff was involved in an automobile accident sustaining an incapacitating injury at the same level as the work-related injury. Nonetheless, the automobile accident on October 19, 1992 was not an independent intervening cause of plaintiff's continuing disability.
* * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the October 22, 1990 injury by accident and the two necessary corrective surgeries plaintiff was temporarily totally disabled from October 23, 1990 and continuing until he returns to work, experiences a change of condition, or the Commission orders otherwise. N.C. Gen. Stat. § 97-6; § 97-29.
2. Plaintiff is entitled to compensation at a rate of $187.52 per week until he returns to work, experiences a change of condition, or the Commission orders otherwise. Further, defendants are entitled to a credit for compensation previously paid under the Form 21 Agreement for Compensation under which compensation benefits were last paid on November 15, 1991. N.C. Gen. Stat. § 97-6; § 97-29; § 97-42.
3. Defendants shall pay all reasonable and necessary medical expenses, including the corrective surgeries performed by Drs. Glover and Tomaszek, which tend to effect a cure, provide needed relief, and/or lessen the period of disability incurred by plaintiff as a result of the 22 October 1990 injury by accident.
4. According to the holding in Horne v. Universal LeafTobacco Processors, 119 N.C. App. 682 (1995), plaintiff's October 19, 1992 automobile accident does not constitute an independent intervening cause of plaintiff's continuing disability.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his total disability compensation at a rate of $187.52 per week from November 15, 1991 and continuing thereafter until plaintiff returns to work, experiences a change of condition, or the Commission orders otherwise. Defendant is entitled to a credit for any amount already paid to plaintiff.
2. Defendants shall pay all reasonable and necessary medical expenses, including the corrective surgeries performed by Drs. Glover and Tomaszek, which tend to effect a cure, provide needed relief, and/or lessen the period of disability incurred by plaintiff as a result of the injury by accident, when bills for the same have been submitted in accordance with Industrial Commission procedure.
3. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due under this Award is hereby approved for plaintiff's counsel, which shall be deducted from the accrued amount and paid directly to plaintiff's counsel. Thereafter, plaintiff's counsel shall receive every fourth compensation check.
4. Defendants shall bear the costs.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ W. JOEY BARNES SPECIAL DEPUTY COMMISSIONER